```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                      NORTHERN DIVISION


MACK DAVIS, JR.,                  :
                                  :
     Plaintiff,                   :
                                  :
vs.                               :
                                  :    CIVIL ACTION 12-0200-CG-M
SPECIALIZED LOAN SERVICING,       :
LLC,                              :
                                  :
     Defendant.                   :
```

REPORT AND RECOMMENDATION

The Motion to Dismiss filed by Specialized Loan Servicing, LLC (hereinafter *SLS*) (Doc. 38) has been referred for report and recommendation, under 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2.  Diversity jurisdiction has been invoked in this Court under 28 U.S.C. § 1332.  After consideration, it is recommended that SLS's motion (Doc. 38) be granted, that this action be dismissed, and that judgment be entered in favor of Defendant Specialized Loan Servicing, LLC and against Plaintiff Mack Davis, Jr.

The facts are, briefly, as follows.  Plaintiff Mack Davis, Jr., is an Alabama resident who owns property in Selma, Alabama

1

(Doc. 19, ¶ 1).[1]  On April 21, 2007, Davis executed a note and entered into a mortgage agreement with non-Party Countrywide Home Loans, Inc. doing business as America's Wholesale Lender to secure the Selma property (Amended Complaint, ¶ 5; *cf.* Doc. 38, Exhibits A, B).[2]  On September 14, 2009, a letter was sent to Plaintiff from former Defendant, Bank of America, N.A. (hereinafter *BANA*) regarding the possibility of a mortgage modification (Doc. 1, Complaint, Exhibit A).  On December 8, 2011, BANA and former Defendant Bank of New York Mellon (hereinafter *BONY*) instituted foreclosure proceedings on Davis's property (*see* Doc. 19, ¶ 10; *cf.* Doc. 38, ¶ 4).

On February 1, 2012 Davis initiated this action with the filing of a temporary restraining order in the Dallas County Circuit Court (Doc. 1 Complaint).  In that Complaint, Plaintiff sought injunctive relief and declaratory judgment, while making claims for breach of contract and fraud and/or misrepresentation (Doc. 1 Complaint).

On March 21, 2012, BANA and BONY removed the action to this Court, asserting diversity jurisdiction (Doc. 1).  On May 16, 2012, BONY and BANA transferred the servicing of Plaintiff's

---

[1] The Amended Complaint appears at document 19.
[2] Though Plaintiff asserts that the mortgagee was Bank of America, the note identifies the lender as Countrywide Home Loans, Inc. d/b/a America's Wholesale Lender.

loan to SLS (*see* Doc. 19, ¶ 25; *cf.* Doc. 38, ¶ 7). On September 10, 2012, with the Court's permission, Plaintiff filed an Amended Complaint, adding Defendant SLS to this action (Doc. 19).[3] Pursuant to joint stipulation, the claims against Defendants BANA and BONY were dismissed with prejudice (Doc. 23). On April 22, 2013, SLS filed this Motion to Dismiss (Doc. 38). Davis has responded to the Motion (Doc. 42) to which Defendant has replied (Doc. 43).

The Court notes, initially, that "[w]hen considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir.

---

[3] The Court notes that Davis's Amended Complaint is, apparently, identical to the Complaint filed originally except for the addition of paragraphs 24-27 (Doc. 1 Complaint; *cf.* Doc. 19). The Court further notes that Plaintiff, in his Motion for Leave to Amend Complaint, attached a proposed Amended Complaint that included substantive statements similar to paragraphs 24-27 plus some additional verbiage cobbled into a new, fifth, claim entitled "Interference with Contract and Business Relations" (Doc. 17). For reasons not germane here, that proposed Amended Complaint was not accepted and Plaintiff was instructed to file another Amended Complaint with the Court; Document 19 was filed.
   The Court has set out this history lesson to note that, in spite of the Parties' acknowledgement of the fifth claim in the proposed Amended Complaint (*see* Doc. 38, p. 4 n.2; *see also* Doc. 42, ¶¶ 7-8, 12 and pp. 8-9), and in spite of the "inadvertence" of Plaintiff's error in not filing that proposed Amended Complaint (*see* Doc. 42, pp. 8-9), the Court recognizes Document 19—and not the proposed Amendment in Document 17—as the Amended Complaint. If Davis wishes to raise a fifth claim in this action, he should seek leave to Amend yet again.

3

2000) (quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)).  In order to state a claim for relief, the Federal Rules of Civil Procedure state that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).  The U.S. Supreme Court explained that the purpose of the rule was to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).[4]  While factual allegations do not have to be detailed, they must contain more than "labels and conclusions;" "a formulaic recitation of the elements of a cause will not do." *Bell Atlantic Corporation v. Twombley*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Id.* (citations omitted).  "Facts that are 'merely consistent with' the plaintiff's legal theory will not suffice when, 'without some further factual enhancement [they]

---

[4]*Conley* also stated that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley*, 355 U.S. at 45-46.  The U.S. Supreme Court has done away with this standard in *Bell Atlantic Corporation v. Twombley*, 550 U.S. 544, 557-563 (2007).  The Court, nevertheless, finds *Conley*'s statement regarding the purpose of Rule 8(a)(2) to be useful here in deciphering the analysis necessary for evaluating Plaintiff's claims.

stop short of the line between possibility and plausibility of "entitle[ment] to relief."'" *Weissman v. National Association of Securities Dealers, Inc.*, 500 F.3d 1293, 1310 (11th Cir. 2007) (quoting *Twombley*, 550 U.S. 557) (quoting *DM Research, Inc. v. College of American Pathologists*, 170 F.3d 53, 56 (1st Cir. 1999)). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Twombley*, 550 U.S. at 556). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of conduct, the complaint has alleged— but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed.R.Civ.P. 8(a)(2)). As noted by the Supreme Court, Plaintiffs must "nudge[] their claims across the line from conceivable to plausible[; otherwise,] their complaint must be dismissed." *Twombly*, 550 U.S. at 570. It is noted, however, that a complaint may be dismissed, under Federal Rule of Civil Procedure 12(b)(6), "on the basis of a dispositive issue of law." *Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11th Cir.) (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)), *cert. denied*, 502 U.S. 810 (1991).

The Court notes that SLS is not substantively mentioned in the Amended Complaint until the fourth claim, for fraud and misrepresentation, in ¶ 25 wherein Plaintiff states that the

Defendant began servicing the loan contract (Doc. 19).  In ¶ 26, Davis asserted that SLS has refused to recognize the modified contract entered into by Plaintiff, BANA, and BONO.  Finally, in ¶ 27, Davis claims that SLS "violated 15 U.S.C. § 1601 et seq. and Code of Federal Regulations applicable to Truth-in-Lending by failure to require the same terms of payment and conditions as contained in the Modification Agreement entered [into] by the Parties" (Doc. 19, ¶ 27).

The Court finds, initially, that since Davis has failed to make any assertions against Defendant SLS in the first three of his claims, this action should be dismissed as to SLS on those three claims.

As to the fourth claim, for fraud and misrepresentation, the Court notes that Rule 9 of the Federal Rules of Civil Procedure states as follows:  "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed.R.Civ.P. 9(b).  Under Alabama[5] law, [t]he elements of fraud are (1) a false representation (2) of a material existing fact (3) reasonably relied upon by the plaintiff (4) who suffered damage as a proximate consequence of the misrepresentation."  *Exxon Mobil*

---

[5] In this action, Alabama law controls. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938).

6

*Corp. v. Alabama Dept. of Conservation and Natural Resources*, 986 So.2d 1093, 1114 (Ala. 2007) (citations omitted).

In this action, Plaintiff has failed to state with any particularity factual circumstances sounding in fraud or misrepresentation against Defendant SLS.  Though required in *Exxon*, Davis has failed to assert any false representation made by SLS that damaged him because he relied on it.

In ¶ 27 of the Amended Complaint, Plaintiff has asserted TILA violations in that SLS failed to adhere to terms of the Modified Agreement entered into by Plaintiff and the now departed Defendants.  Davis has not, however, produced the document containing these modifications.

After consideration of all relevant pleadings, the Court finds that Plaintiff has not stated a claim in the Amended Complaint against Defendant SLS that withstands *Iqbal* or *Twombley* analysis.  Therefore, it is recommended that Defendant's Motion to Dismiss (Doc. 38) be granted, that this action be dismissed, and that judgment be entered in favor of Defendant Specialized Loan Servicing, LLC and against Plaintiff Mack Davis, Jr. on all claims.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who

7

objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    DONE this 3rd day of July, 2013.

> s/BERT W. MILLING, JR.
> UNITED STATES MAGISTRATE JUDGE